IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GLORIA PALACIOS,            )
                            )
        Plaintiff,           )
                            )
    v.                      )    1:19cv741
                            )
TYSON FOODS, INC.,          )
Self-Insured Employer,      )
                            )
        Defendant.          )

**MEMORANDUM ORDER**

THOMAS D. SCHROEDER, Chief District Judge.

Before the court is the motion of Plaintiff Gloria Palacios to remand this action to the Superior Court of Lee County, North Carolina (Doc. 11). The motion is fully briefed and ready for decision. For the reasons set forth below, the motion will be denied.

**I.  BACKGROUND**

Palacios, a citizen and resident of Lee County, North Carolina, filed this action in the Superior Court of Lee County, North Carolina, on June 17, 2019. (Doc. 5.) The complaint alleges that her employer, Defendant Tyson Foods, Inc. ("Tyson"), a Delaware corporation with its principal place of business in Springdale, Arkansas, fired her on May 9, 2018, after she was injured on the job and necessitated significant medical treatment. (Id.) Palacios asserts claims for violation of the North Carolina Retaliatory Employment Discrimination Act, N.C. Gen. Stat. § 95-

240 et seq.; and wrongful discharge in violation of public policy as exists at common law. She seeks back pay, compensatory and punitive damages, and attorneys' fees pursuant to N.C. Gen. Stat. § 95-243.

Tyson removed this action on July 24, 2019, asserting this court's exercise of diversity jurisdiction. (Doc. 1.) Palacios filed a motion to remand, contending that Tyson has failed to adduce any demonstration that the controversy exceeds the jurisdictional threshold of $75,000. (Doc. 11.)[1] Palacios seeks an award of costs, including reasonable attorneys' fees pursuant to 28 U.S.C. § 1447(c). Tyson has responded in opposition and has provided a declaration of David Sutton, Human Resources Manager for Tyson Mexican Original, Inc., setting out Palacios's earnings. (Docs. 13, 13-1.) Palacios did not file a reply.

## II. ANALYSIS

Federal courts exercise limited jurisdiction, as prescribed by Congress and the Constitution. Bowles v. Russell, 551 U.S. 205, 212 (2007); Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Tyson invokes this court's diversity jurisdiction. Pursuant to Title 28, United States Code, section 1332(a), federal courts may adjudicate civil lawsuits where the matter in controversy exceeds $75,000 and is between citizens of

---

[1] The motion lacked a separate brief, in violation of Local Rule 7.3(j).

different states.

Congress also permits cases filed in state courts to be removed to federal courts when diversity jurisdiction exists. 28 U.S.C. § 1441(a). For removal based on diversity grounds to be proper, complete diversity must have existed at the time of the filing of the state court complaint and at the time of removal. Rowland v. Patterson, 882 F.2d 97, 99 (4th Cir. 1989) (en banc). Because actions that are removed from state courts to federal courts "raise[] significant federalism concerns," removal jurisdiction is "strictly construe[d]." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). Ultimately, the burden of demonstrating subject matter jurisdiction is on the party seeking to litigate in federal court. Robb Evans & Assocs., LLC v. Holibaugh, 609 F.3d 359, 362 (4th Cir. 2010), cert. denied, 562 U.S. 1137 (2011). If the basis for federal jurisdiction "is doubtful, a remand [to state court] is necessary." Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (alteration in original) (citation and internal quotation marks omitted).

Here, Palacios does not dispute that the parties are diverse. Rather, she contends that the complaint fails to establish the requisite amount in controversy and that Tyson's removal petition, which she concedes "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,"

3

Dart Cherokee Basin Op. Co. v. Owens, 574 U.S. 81, 89 (2014), only noted the possible existence of treble and punitive damages, which she argues did not meet its burden. (Doc. 11 at 4-5.) Tyson has responded with a calculation of damages, noting that Palacios's rate of pay would result in a plausible back pay award at the time the complaint was filed of $29,848.00,[2] which is subject to trebling under N.C. Gen. Stat. § 95-243, for a total claim of $89,544.00. (Doc. 13 at 4-5.) Tyson also notes the presence of a claim for punitive damages and attorneys' fees. (Id. at 5-6.)

Courts apply the "legal certainty" test in determining whether the amount in controversy requirement is met. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938). "[T]he court should look to the face of the complaint itself to determine whether it is a legal certainty that plaintiff's claims do not reach the required amount." Shanaghan v. Cahill, 58 F.3d 106, 112 (4th Cir. 1995). Where the complaint is ambiguous as to the amount in controversy, the court may consider evidence on the question, including "evidence . . . submitted by the parties, the applicability of attorney's fees, and potential punitive or trebling of damages." Kirklen v. Buffalo Wild Wing Int'l, Inc., No. 3:18-cv-00468-FDW-DSC, 2019 WL 1649984, at *1 (W.D.N.C. Apr. 17, 2019) (citing Francis v. Allstate Ins. Co., 709 F.3d 362, 369

---

[2] Tyson calculates $13.00/hour for 40 hours/week for 57 weeks plus $16.00/hour for two additional work days. (Doc. 13 at 4 n.2.)

4

(4th Cir. 2013)); see also Talantis v. Paugh Surgical, Inc., 273 F. Supp. 2d 710, 713 (M.D.N.C. 2003) (court may consider extrinsic evidence). In this district, courts have applied the preponderance of the evidence standard to a party invoking its subject matter jurisdiction. See Dash v. FirstPlus Home Loan Owner Trust 1996-2, 248 F. Supp. 2d 489, 497 (M.D.N.C. 2003).

In North Carolina, a plaintiff is prohibited from claiming specific damages in certain cases (though this does not appear to be one of them), resulting in a common practice of alleging only the statutory jurisdictional threshold for superior court. See N.C. R. Civ. P. 8(a) (providing $25,000 for negligence actions and all actions seeking punitive damages). Palacios's complaint follows this practice, although it refers to the prior threshold of $10,000.00. (Doc. 5 at 6.) Nevertheless, the complaint seeks "lost wages, lost benefits, and other economic losses," "treble damages," "attorney fees," "punitive damages," "emotional pain, damage to her reputation, deterioration of her emotional and physical health, and loss of enjoyment of life," "lost compensation and tangible job benefits," and "back pay, front pay, compensatory and punitive damages." (Doc. 5 ¶¶ 49, 50, 51, 55-57.) Tyson's calculation of back pay is supported by the declaration of a corporate representative, and Palacios has not contended it is incorrect. Thus, the back pay award alone could be $29,848.00. Trebled, under N.C. Gen. Stat. § 95-243, this amounts to

5

$89,544.00, easily crossing the jurisdictional threshold, irrespective of punitive damages and an award of statutory attorneys' fees under N.C. Gen. Stat. § 95-243(c). Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount."); Mattison v. Wal-Mart Stores, Inc., No. 6:10-CV-01739-JMC, 2011 WL 494395, at *3 (D.S.C. Feb. 4, 2011) (denying remand where plaintiff's request for punitive damages made it "difficult for [Plaintiff] to prove she could not possibly recover the jurisdictional limit were she to prevail at trial."); Francis, 709 F.3d at 369 (considering attorneys' fees in calculating amount in controversy).

Palacios's contention that remand is required because Tyson's removal notice failed to provide this information lacks merit. In Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 200 (4th Cir. 2008), the court reversed a district court's remand of an action, holding that a removing party's notice need only meet the pleading standard imposed for the initial complaint. However, once the jurisdictional allegations are challenged, "[t]he party seeking removal bears the burden of demonstrating that removal jurisdiction is proper." Id. (quoting In re Blackwater Security Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006)). Tyson has done so here. While its removal notice alleged that "[t]he amount

in controversy in this case exceeds $75,000, exclusive of interest and costs," and noted that "[i]n addition to actual damages, Plaintiff seeks to recover treble damages and unspecified punitive damages" (Doc. 1 at 2), upon Palacios's challenge, Tyson has provided the above information by way of the declaration of a company representative (Doc. 13-1 at 2). This meets its burden to avoid remand.

### III. CONCLUSION

For the reasons stated, Tyson has demonstrated that diversity jurisdiction exists such that this court has the authority to determine this dispute.

IT IS THEREFORE ORDERED that Plaintiff's motion to remand and associated request for an award of costs, including reasonable attorneys' fees (Doc. 11), is DENIED.

/s/   Thomas D. Schroeder
United States District Judge

November 5, 2019